UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DALE A. WALKER                                                                            PLAINTIFF

v.                           CASE NO. 4:08-CV-00139 BSM

CITY OF CABOT, ARKANSAS                                                       DEFENDANT

## ORDER

Before the court are the motion for summary judgment filed by defendant City of Cabot ("Cabot"), the motion to compel filed by plaintiff Dale Walker ("Walker"), and Walker's motion for leave to file an additional 25 interrogatories.

### I. BACKGROUND

Taking the facts in a light most favorable to Walker, in 2003, Cabot established the position of Finance Director by ordinance. Exhibit A, Walker Dep. p. 15, defendant's motion for summary judgment ("def.'s motion"). Walker began working for Cabot as the Finance Director on January 23, 2003, under Mayor Stumbaugh. *See* Doc. No. 2, EEOC Charge of Discrimination ("EEOC Charge"). Walker took "a number of duties away from the City Clerk and Treasurer," Marla Verkler. *Id.*

Cabot eliminated the position of Finance Director at the end of 2006, and "[g]ave all [of] the duties back to Marla [Verkler]." Exhibit A, Walker Dep. p. 21, def.'s motion. In January 2007, Walker's position title changed to Budget Manager, under the newly elected Mayor Eddie Joe Williams. *See* EEOC Charge. When Mayor Williams took office in January 2007, Cabot was having financial difficulties. Exhibit A, Walker Dep. p. 25, def.'s

motion. In his deposition, Walker states that Cabot was in a short-term "cash crunch," but it was not as bad as Mayor Williams made it seem. *Id.* at 29, 51-52.

On June 8, 2007, Walker's employment with Cabot was terminated. The letter sent to Walker stated that a reduction-in-force ("RIF") was necessary due to budget constraints. *See* Doc. No. 2, Termination Letter. On June 21, 2007, Walker filed his charge of discrimination with the EEOC, which states, in part:

> I was not given a definite reason for lay off. I later found out that I was laid off along with two other employees so that the City could replace three fire fighters. However, there was money in the budget for the fire fighter positions as well as the three positions that were laid off. I was laid off under false pretense that the City does not have enough money to pay its bills.
>
> I believe that I was discriminated against because of my age, 61, in violation of The Age Discrimination in Employment Act of 1967, as amended.

*See* EEOC Charge. He received his right to sue letter on November 29, 2007. *See* Doc. No. 2, Notice of Right to Sue.

Walker filed this lawsuit against Cabot on February 15, 2008, pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA") alleging age discrimination. On August 22, 2008, he amended his complaint to add a claim of disparate impact under the ADEAc. Cabot moved for summary judgment on Walker's ADEA and Title VII age discrimination and disparate impact claims.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of

material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.  DISCUSSION

As a preliminary matter, in Walker's response to Cabot's motion for summary judgment, he contends that he needs cash flow documents from Cabot to prove that Cabot was not actually in financial distress at the time of his termination. Walker filed a motion to compel, which is pending, to obtain such documents to support his position. The court finds that summary judgment is appropriate, as set forth below, even if Cabot was not in financial distress at the time of Walker's termination, and therefore, the documents requested by Walker are of no consequence to the court's determination.

A.   <u>Federal Claims</u>

Cabot seeks summary judgment as to Walker's claim of age discrimination under both the ADEA and Title VII. Cabot notes that in his deposition, Walker expressly admits, multiple times, that he does not believe that the reason he was terminated was because of age discrimination. Exhibit A, Walker Dep. p. 14, 38-41, def.'s motion. Also, he does not refute Mayor Williams' affidavit testimony that no one has been hired to fill the position of Budget Manager since Walker's employment ended. Exhibit B, Williams' Aff., def.'s motion. In his response, Walker states that he "does not allege age discrimination," but alleges disparate impact. Consequently, summary judgment is granted as to Walker's age discrimination claim under the ADEA.

To the extent that Walker's complaint and amended complaint attempt to assert a claim under Title VII, age is not a protected class under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1), (2) (prohibiting discrimination on the basis of race, color, religion, sex, or national origin); *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 586, 124 S.Ct. 1236, 1240, 157 L.Ed.2d 1094 (2004) ("Congress chose not to include age within discrimination forbidden by Title VII . . . ."); *Jorge v. Rumsfeld*, 404 F.3d 556, 565 (1st Cir. 2005); *Taylor v. Brown*, 928 F. Supp. 568, 573 (D. Md. 1995). Thus, even if Walker were to pursue such a claim, he has no cognizable claim under Title VII for age discrimination.

As to Walker's claim of disparate impact, 29 U.S.C. § 623(a)(2) provides, "It shall be unlawful for an employer . . . to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise

adversely affect his status as an employee, because of such individual's age[.]" Walker cannot merely allege a disparate impact or point to a generalized policy that leads to such an impact. *Meacham v Knolls Atomic Power Lab.*, --- U.S. ----, 128 S.Ct. 2395, 2405, 171 L.Ed.2d 283 (2008). Rather, he must "isolate and identify the specific employment practices that are allegedly responsible for any observed statistical disparities" on employees over forty years of age. *Id.* The purpose of this requirement is to avoid "employers being potentially liable for 'the myriad of innocent causes that may lead to statistical imbalances.'" *Smith v. City of Jackson*, 544 U.S. 228, 241, 125 S. Ct. 1536, 1545, 161 L.Ed.2d 410 (2005) (quoting *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989)).

Cabot asserts that Walker has failed to directly specify any employment practices that even have the potential for any observed statistical disparities. Cabot also asserts that Walker's claim fails because he admits that his termination was not age-based. Further, Cabot asserts that it had a legitimate business reason for his termination. Specifically, Cabot states that Walker's position was redundant, as Marla Verkler was responsible for all of Walker's duties before he was hired, and all of this duties were shifted back to her after the elimination of his position. Cabot contends that it combined two jobs into one, and in so doing, reduced expenses.

In his amended complaint, Walker asserts that each of the three employees involved in the June 8, 2007, RIF were over the age of forty, and that of the six employees involved

in the January 2007 RIF, five were over the age of forty. By his calculation, 89% of the nine employees involved in the two RIFs were over the age of forty, while only 46% (sixty-nine of the one hundred and fifty-one Cabot employees) were over the age of forty.

Walker also alleges in his amended complaint that as of May 31, 2007, Cabot had $631,339 in unrestricted cash available for payroll and other operating expenses. In his response, Walker contends that he needs testimony from Cabot officials and Legislative Audit staff to prove that an e-mail demonstrating illegal exactions by the City of Cabot exists. As discussed above, Walker also contends that he needs cash flow documents from Cabot to prove that Cabot was not actually in financial distress at the time of his termination.

In his deposition, however, Walker admits that the water and sewer employees were laid off in the January 2007 RIF because the positions became redundant, and states that "[t]hat was a good move." Exhibit A, Walker Dep. p. 30-31, def.'s motion. Further, the position of Budget Manager remains eliminated. Exhibit B, Williams' Aff., def.'s motion. In his amended complaint, Walker states that the "decision for the reduction in force, in June 2007, was based on the cash position of the City for the month of January, 2007, a normally bad month for cash flow." Although it appears that Walker contends that his June 2007 termination was not necessary based on the financial condition of Cabot at that time, he states in his deposition that he has no evidence that Mayor Williams terminated him for any reason other than financial difficulties. Exhibit A, Walker Dep. p. 35-36, def.'s motion.

The court finds that summary judgment is appropriate. Walker has failed to identify the specific employment practices that are allegedly responsible for any observed statistical disparities. The court questions whether it is appropriate to consider the January 2007 RIF with the June 2007 RIF. Additionally, the court notes that the sufficiency of the sample size is questionable, especially if the six employees from the January RIF are not considered. More importantly, the figures provided to the court by Walker establish that only eight of the sixty-nine employees over the age of forty (12%) were impacted by the RIFs. *See Katz v. Regents of the Univ. of Cal.*, 229 F.3d 831, 836 (9th Cir. 2000).

Even if the court were to find that Walker's general reference to the two RIFs constituted a specific employment practice, it is clear that Cabot's RIFs were based on reasonable factors other than age ("RFOA"). 29 U.S.C. § 623(f). The RFOA provision precludes liability in disparate-impact cases if the adverse impact was attributable to a nonage factor that was "reasonable." *City of Jackson*, 544 U.S. at 239, 125 S. Ct. at 1544. "[I]n the typical disparate-impact case, the employer's practice is 'without respect to age' and its adverse impact (though 'because of age') is 'attributable to a nonage factor'; so action based on a 'factor other than age' is the very premise for disparate-impact liability in the first place, not a negation or defense to it." *Meacham*, 128 S.Ct. at 2403. The RFOA defense in a disparate-impact case "is not focused on the asserted fact that a non-age factor was at work;" rather, the "focus of the defense is that the factor relied upon was a 'reasonable' one for the employer to be using." *Id*.

Here, any disparate impact due to the January 2007 RIF is admittedly attributable to Cabot's decision to eliminate redundant positions, which is reasonable. *See City of Jackson*, 544 U.S. at 242, 125 S.Ct. at 1546 (holding that the "disparate impact is attributable to the City's decision to give raises based on seniority and position," which was unquestionably reasonable given the City's goal of raising employee's salaries to match those in surrounding communities). Furthermore, Cabot was admittedly having financial problems in January 2007. Walker states that in January 2007 his job duties as Financial Director were given to back to the City Clerk/Treasurer, who had previously performed those duties, and the position was eliminated. It is undisputed that the position of Budget Manager remains eliminated. Although Walker appears to contend that his termination was not financially necessary as of June 2007, even assuming that this is true, it was reasonable to terminate Walker to eliminate redundant positions and reduce expenses. Furthermore, Walker admits that the Mayor's attempt to "try and cut the budget so potentially the accounts payable wouldn't get as high as they were in '06s" was reasonable. Exhibit A, Walker Dep. p. 31-32, def.'s motion. Summary judgment is appropriate.

B.   State Law Claims

In Walker's response to Cabot's motion for summary judgment, he requests a trial to prove the allegations of slander, defamation of character, and libel by certain Cabot officials. Walker made no allegations of slander, defamation, or libel in his original complaint. In his motion to amend complaint, he only requested leave to add a disparate-impact claim due to

the United States Supreme Court's recent decision in *Meacham*. 128 S.Ct. at 2405. The order granting leave to amend the complaint expressly states that the motion was made to add a disparate-impact claim. In his amended complaint, however, Walker alleges that Councilman Ed Long committed slander toward him in a public meeting on January 2, 2007. He also alleges that City Clerk/Treasurer Marva Verkler committed libel and defamation of character toward him in the media, citing "The Leader, June 2007."

Also, in his amended complaint, Walker alleges that Mayor Williams and Ed Long conspired to fire him so that the allegations of two illegal exactions by the City, which he informed Mayor Williams and the City Council about at the May 19, 2008, meeting, would not be made public. It is possible that this allegation is Walker's attempt to assert a claim pursuant to the Arkansas Whistle-Blower Act. Ark. Code Ann. § 21-1-603. Because Cabot is entitled to summary judgment as to each of Walker's federal claims, the court declines to exercise supplemental jurisdiction over any state law claims Walker may have. *Moots v. Lombardi*, 453 F.3d 1020, 1024 (8th Cir. 2006) (upholding the district court's decision to decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims because summary judgment was proper as to plaintiff's federal claims).

Accordingly, Cabot's motion for summary judgment (Docket No. 33) is granted. Walker's federal claims are dismissed with prejudice. Walker's state law claims are dismissed without prejudice. Walker's motion to compel (Doc. No. 36) and motion for leave to file an additional 25 interrogatories (Doc. No. 39) are denied as moot.

IT IS SO ORDERED this 4th day of November, 2008.

                                                                                                                           */s/ Brian S. Miller*
                                                                UNITED STATES DISTRICT JUDGE